UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GUARDIT TECHNOLOGIES, LLC and
MICHAEL SCRIPT,

                Plaintiffs,

     - against -

EMPIRE IP LLC, DANIEL MITRY, and
TIMOTHY SALMON,

                Defendants.

**ORDER**

20 Civ. 943 (PGG) (SDA)

PAUL G. GARDEPHE, U.S.D.J.:

        Plaintiff Michael Script is the inventor or co-inventor of certain patents owned by Plaintiff Guardit Technologies, LLC ("Guardit"). Guardit and Defendant Empire IP, LLC ("Empire") entered into an agreement by which Guardit assigned its interest in these patents to Empire in exchange for a share of the enforcement and licensing proceeds. Plaintiffs allege that Empire and its two co-founders breached their obligations under the agreement, and assert claims for breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, promissory estoppel, fraud, negligence, and breach of bailment. (Am. Cmplt. (Dkt. No. 21))

        Defendants have moved to dismiss for (1) lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1); (2) lack of personal jurisdiction over Defendants Daniel Mitry and Timothy Salmon, pursuant to Rule 12(b)(2); and (3) failure to state a claim, pursuant to Rule 12(b)(6). (See Def. Br. (Dkt. No. 31))

        On January 9, 2024, this Court referred Defendants' motion to Magistrate Judge Stewart D. Aaron for a Report and Recommendation ("R&R"). (Referral Order (Dkt. No. 39))

In a January 27, 2024 R&R, Judge Aaron recommends that Defendants' motion to dismiss be granted in part and denied in part. (See R&R (Dkt. No. 40) at 23-24)[1] No party has submitted objections to the R&R.

For the reasons stated below, the R&R will be adopted in part.

## BACKGROUND

### I.    FACTS[2]

According to the Amended Complaint, Plaintiff Michael Script, a citizen of Virginia, invented certain patents concerning home security and personal safety. (Am. Cmplt. (Dkt. No. 21) ¶¶ 3, 34, 45) Plaintiff Guardit, a Delaware limited liability company with its principal place of business in Haymarket, Virginia, owns these patents. (Id. ¶¶ 1, 34)

On January 1, 2015, Guardit entered into a patent licensing agreement (the "Agreement") with Defendant Empire, a Texas limited liability company with its principal place of business in Austin, Texas that "monetiz[es]" various patents "through enforcement and licensing of [] patent rights." (Id. ¶¶ 4, 9, 47, 50) Empire's founders are Defendants Daniel Mitry and Timothy Salmon, who are both citizens of New Jersey. (Id. ¶¶ 5-6, 48)

In the Agreement, Guardit

assigns, transfers and conveys all right, title and interest in and to the Patents to Empire IP including the right to sue for and collect past, present and future

---

[1] The page numbers of documents referenced in this order correspond to the page numbers designated by this District's Electronic Case Files ("ECF") system.

[2] Because the parties have not objected to Judge Aaron's factual statement, the Court adopts it in full. See Silverman v. 3D Total Solutions, Inc., No. 18 Civ. 10231 (AT), 2020 WL 1285049, at *1 n.1 (S.D.N.Y. Mar. 18, 2020) ("Because the parties have not objected to the R&R's characterization of the background facts . . . , the Court adopts the R&R's 'Background' section and takes the facts characterized therein as true."); Hafford v. Aetna Life Ins. Co., No. 16-CV-4425 (VEC) (SN), 2017 WL 4083580, at *1 (S.D.N.Y. Sept. 13, 2017) ("The parties do not object to the Magistrate Judge's . . . recitation of the facts of this case, and the Court adopts them in full.").

damages and to seek and obtain injunctive or any other relief for infringement of the Patents.

(Mitry Decl., Ex. 1 (Agreement) (Dkt. No. 34-1) § 1.1)  "In consideration of the rights assigned to Empire IP," Empire agreed that Guardit would receive "50 percent of [n]et [p]roceeds" obtained from enforcement and licensing of the patent rights.  (Id. § 2.1)

The Agreement requires Empire to (1) "keep complete and proper records of," inter alia, "the [t]otal [r]ecoveries," "Empire IP [c]osts," and "[n]et [p]roceeds, all in accordance with generally accepted accounting principles" (id. § 4.1); (2) "provide Guardit [with] copies of such records at the time of providing Guardit the . . . [n]et [p]roceeds" (id.); and (3) "use its good faith efforts to pursue licensing and enforcement of the Patents at its expense."  (Id. § 5.1)

Plaintiffs allege that they have "never received a proper accounting and [are] unaware of how the accounting for distributions to Guardit [was] calculated."  (Am. Cmplt. (Dkt. No. 21) ¶ 100)  They further assert that they have "not received the full amount of [their 50 percent] share of the monetary recoveries as required by the terms of the Agreement," amounting to "at least $800,000.00."  (Id. ¶¶ 100-02)

## II.   PROCEDURAL HISTORY

The Complaint was filed on February 4, 2020 (Cmplt. (Dkt. No. 1)), and the Amended Complaint was filed on August 19, 2020.  The Amended Complaint asserts claims for breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, promissory estoppel, fraud, negligence, and breach of bailment against all Defendants.  (Am. Cmplt. (Dkt. No. 21))

On September 29, 2021, Defendants moved to dismiss Plaintiffs' claims for lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to state a claim.  (Def. Mot. (Dkt. No. 28))

On January 9, 2024, this Court referred Defendants' motion to Judge Aaron for an R&R.  (Referral Order (Dkt. No. 39))

On January 27, 2024, Judge Aaron issued a 24-page R&R recommending that Defendants' motion to dismiss be granted in part and denied in part.  (See R&R (Dkt. No. 40) at 23-24)

In his R&R, Judge Aaron notifies "[t]he parties [that they] have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure."  (Id. at 24)  The R&R further states that "the failure to object within fourteen (14) days will result in a waiver of objections and will preclude appellate review."  (Id.) (emphasis omitted) (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140 (1985))

No party has submitted objections to the R&R.

## DISCUSSION

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  Where a timely objection has been made to a magistrate judge's recommendations, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  Id. Where, as here, no objections have been filed to a magistrate judge's R&R – despite clear warning that a failure to file objections will result in a waiver of judicial review – judicial review has been waived.  See Thomas v. Arn, 474 U.S. 140, 147-48 (1985); see also Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a

waiver of further judicial review of the magistrate's decision.") (citing <u>Small v. Sec'y of Health</u>

<u>& Human Servs.</u>, 892 F.2d 15, 16 (2d Cir. 1989) (<u>per</u> <u>curiam</u>); <u>Spence v. Superintendent, Great</u>

<u>Meadow Correctional Facility</u>, 219 F.3d 162, 174 (2d Cir. 2000) ("Failure to timely object to a

report generally waives any further judicial review of the findings contained in the report.").

This Court has nonetheless reviewed Judge Aaron's R&R and has concluded – except as to the

recommendation regarding Plaintiffs' unjust enrichment claim – that it is free of clear error.  <u>See</u>

<u>Nelson v. Smith</u>, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) ("To accept the report and

recommendation of a magistrate, to which no timely objection has been made, a district court

need only satisfy itself that there is no clear error on the face of the record.").

As to subject matter jurisdiction, the Amended Complaint pleads – pursuant to 28

U.S.C. § 1332 – complete diversity of citizenship and an amount in controversy greater than

$75,000.  (Am. Cmplt. (Dkt. No. 21) ¶ 14)  Noting that Plaintiffs claim in the Amended

Complaint that they are owed "'at least $800,000.00,'" Judge Aaron concludes that the amount

in controversy requirement has been met.  (R&R (Dkt. No. 40) at 8 (quoting Am. Cmplt. (Dkt.

No. 21) ¶ 102)

As a general matter, amounts in controversy pled in a complaint generally control,

absent circumstances indicating bad faith.  <u>See</u> <u>Stengel v. Black</u>, No. 03 Civ. 0495 (GEL), 2004

WL 1933612, at *1 (S.D.N.Y. Aug. 30, 2004) ("On a motion to dismiss challenging the

sufficiency of the amount in controversy, the sum claimed by the plaintiff ordinarily controls, so

long as it is claimed in good faith.") (citing <u>St. Paul Mercury Indem., Co. v. Red Cab Co.</u>, 303

U.S. 283, 289 (1938)).  Here, as Judge Aaron notes, Defendants "have not shown to 'a legal

certainty that [Plaintiffs] could not recover the amount alleged.'"  (R&R (Dkt. No. 40) at 8-9

(quoting <u>Colavito v. N.Y. Organ Donor Network, Inc.</u>, 438 F.3d 214, 221 (2d Cir. 2006))

Accordingly, this Court finds no clear error in Judge Aaron's recommendation that this Court reject Defendants' argument that subject matter jurisdiction is lacking.

As to personal jurisdiction over the individual Defendants, Plaintiffs argue that personal jurisdiction is properly exercised over the individual Defendants based on their activities on behalf of Empire in New York. (See Am. Cmplt. (Dkt. No. 21) ¶¶ 18-30) As Judge Aaron notes, however, "an employee who is engaged in business in the state 'does not subject himself, individually, to the CPLR 301 jurisdiction of [New York] courts unless he is doing business in [New York] individually.'" (R&R (Dkt. No. 40) at 8, 10 (citing Laufer v. Ostrow, 55 N.Y.2d 305, 313 (1982)) And the Amended Complaint does not allege that the individual Defendants were "doing business" in New York "individually rather than on behalf of Empire," or that "their claims arise from the [i]ndividual Defendant's conduct in New York." (Id. at 12) Accordingly, this Court finds no clear error in Judge Aaron's conclusion that this Court does not have general or specific personal jurisdiction over the individual Defendants, and Defendants' motion to dismiss will be granted as to the individual Defendants pursuant to Fed. R. Civ. P. 12(b)(2).

Judge Aaron further recommends that the Amended Complaint's claims for fraud, breach of the implied covenant of good faith and fair dealing, and promissory estoppel be dismissed for failure to state a claim, because they are duplicative of Plaintiffs' breach of contract claim. (R&R (Dkt. No. 40) at 15-17, 18-19, 20) The Amended Complaint's breach of contract claim is premised on the allegation that Plaintiffs have "not received the full amount of [their] share of the monetary recoveries as required by the terms of the Agreement." (Am. Cmplt. (Dkt. No. 21) ¶¶ 102, 144-54) This same allegation is the basis for the Amended Complaint's fraud, good faith and fair dealing, and promissory estoppel claims. (See id. ¶¶ 104-

20, 121-24, 129-34)  Because these claims are duplicative of the breach of contract claim, Judge

Aaron concludes that they are subject to dismissal.  (R&R (Dkt. No. 40) at 15; id. at 18-20)  This

Court finds no clear error in Judge Aaron's recommendations.

As to the Amended Complaint's breach of contract claim, Judge Aaron notes that

Plaintiff Script signed the Agreement in his capacity as "Managing Member, CEO" of Guardit,

and not in his individual capacity.  (Id. at 17; see also Agreement (Dkt. No. 34-1) at 7)  Because

Script is not a party to the Agreement, he has no claim for breach of the Agreement.  Script's

negligence claim against Empire fails for the same reason.  Because Script is not a party to the

Agreement, Empire owed him no duty of care.  (Id. at 21-22)  This Court finds no clear error in

Judge Aaron's recommendation that Script's breach of contract claim and negligence claim

against Empire be dismissed.

As to the breach of bailment claim, Judge Aaron correctly finds that the

Agreement reflects an assignment and not a bailment.  (Id. at 22)  Accordingly, this Court finds

no clear error in Judge Aaron's recommendation that the breach of bailment claim be dismissed

for failure to state a claim.

As to the Amended Complaint's unjust enrichment claim, Judge Aaron concludes

that the motion to dismiss should be "denied insofar as it asserts an unjust enrichment claim by

Guardit against Empire."  (Id. at 20)  In this regard, Judge Aaron notes that an unjust enrichment

claim "may be pled as an alternative to a breach of contract claim."  (Id. at 19)

The Second Circuit has instructed, however, that a claim for "unjust enrichment

. . . [is] ordinarily precluded if a 'valid and enforceable written contract' . . . 'govern[s]' the

relevant 'subject matter.'"  Goldberg v. Pace Univ., 88 F.4th 204, 214-15 (2d Cir. 2023) (quoting

Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of New Jersey, Inc., 448 F.3d 573,

587 (2d Cir. 2006)).  Under New York law, "causes of action alleging breach of contract and unjust enrichment [arising from the same facts] may be pleaded alternatively," Auguston v. Spry, 723 N.Y.S.2d 103, 106 (2d Dep't 2001), but "only where there is a dispute over the existence, scope, or enforceability of the putative contract." Reilly v. Natwest Mkts. Grp. Inc., 181 F.3d 253, 263 (2d Cir. 1999).

Here, the parties to the Agreement – Guardit and Empire – do not dispute that their relationship is governed by an express, valid, and enforceable contract that addresses the subject matter of this lawsuit. See Goldberg, 88 F.4th at 214-15.  Accordingly, unjust enrichment cannot be pled in the alternative, and that claim will accordingly be dismissed.

Finally, Judge Aaron recommends that Plaintiffs be granted leave to amend.  (Id. at 23)  "The Second Circuit has counseled strongly against the dismissal of claims with prejudice prior to 'the benefit of a ruling' that highlights 'the precise defects' of those claims."  (Id. (quoting Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC, 797 F.3d 160 (2d Cir. 2015)) This Court finds no clear error in Judge Aaron's recommendation that Plaintiffs be given leave to amend.

## CONCLUSION

Judge Aaron's R&R (Dkt. No. 40) is adopted in part as set forth above, and Defendants' motion to dismiss is granted in part and denied in part.  Defendants' motion to dismiss is granted as to all of Plaintiffs' claims except Guardit's claims for breach of contract and negligence against Empire.  Defendants' motion to dismiss is denied as to those two claims, but only as to Guardit's claims against Empire.

Any motion for leave to amend is to be filed by **February 23, 2024.**

The Clerk of Court is directed to terminate the motion (Dkt. No. 28).

Dated: New York, New York
       February 15, 2024

SO ORDERED.

Paul G. Gardephe
United States District Judge