UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GUARDIT TECHNOLOGIES, LLC and
MICHAEL SCRIPT,

      Plaintiffs,

- against -

EMPIRE IP LLC, DANIEL MITRY, and
TIMOTHY SALMON,

      Defendant.

**ORDER**

20 Civ. 943 (PGG) (SDA)

PAUL G. GARDEPHE, U.S.D.J.:

  Defendant Empire IP LLC ("Empire") moves for reconsideration of this Court's February 15, 2024 order granting in part and denying in part its motion to dismiss. (Def. Mot. (Dkt. No. 49)) For the reasons stated below, the motion for reconsideration will be granted.

## BACKGROUND

  In the Amended Complaint, Plaintiffs Michael Script and Guardit Technologies, LLC ("Guardit") bring claims against Empire and Empire's co-founders, Daniel Mitry and Timothy Salmon, for breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, promissory estoppel, fraud, negligence, and breach of bailment. (Am. Cmplt. (Dkt. No. 21) ¶¶ 1, 3-6, 104-61)[1]

  On September 29, 2021, Defendants moved to dismiss for (1) lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1); (2) lack of personal jurisdiction over

---

[1] The factual background of this case is set forth in this Court's February 15, 2024 order adopting in part Magistrate Judge Stewart D. Aaron's Report and Recommendation ("R&R"). (See Feb. 15, 2024 Order (Dkt. No. 41) at 2-3) Familiarity with the facts alleged in the Amended Complaint is assumed.

Daniel Mitry and Timothy Salmon, pursuant to Rule 12(b)(2); and (3) failure to state a claim, pursuant to Rule 12(b)(6). (See Def. Br. (Dkt. No. 31))

On January 9, 2024, this Court referred the motion to Judge Aaron for an R&R. (Referral Order (Dkt. No. 39)) On January 27, 2024, Judge Aaron issued a 24-page R&R recommending, inter alia, that the motion to dismiss be granted as to Plaintiff Script's breach of contract and unjust enrichment claims against the individual defendants, but denied as to Plaintiff Guardit's breach of contract and unjust enrichment claims against Empire. (See R&R (Dkt. No. 40) at 23-24) Judge Aaron further recommends that Defendants' motion to dismiss be granted as to Plaintiffs' remaining claims, including their negligence claim. (Id.) No party submitted objections to the R&R.

In a February 15, 2024 order, this Court adopted Judge Aaron's R&R in part. (Feb. 15, 2024 Order (Dkt. No. 41) at 8-9) This Court found that Judge Aaron had properly concluded that there (1) was subject matter jurisdiction; and (2) no in personam jurisdiction over the individual defendants. Accordingly, this Court denied Defendant's motion under Rule 12(b)(1) but dismissed all claims against the individual defendants under Rule 12(b)(2). (Id. at 5-6)

This Court dismissed Plaintiff Script's breach of contract claim against Defendants, because he was not a party to the underlying contract. (Id. at 7) Defendants' motion was denied as to Guardit's breach of contract claim against Empire, however, because both are parties to the contract. (Id.)

As to Plaintiffs' unjust enrichment claim, this Court found that there was no "'dispute over the existence, scope, or enforceability of the putative contract'" at issue here, and that accordingly unjust enrichment cannot be pled in the alternative to breach of contract. (Id. at

2

8) (quoting Reilly v. Natwest Mkts. Grp. Inc., 181 F.3d 253, 263 (2d Cir. 1999)) Accordingly, this Court did not adopt Judge Aaron's recommendation that Guardit's unjust enrichment claim be permitted to proceed against Empire, and instead this Court dismissed that claim. (Id.)

This Court dismissed the Amended Complaint's good faith and fair dealing, promissory estoppel, and fraud claims, finding that they are duplicative of Plaintiffs' breach of contract claim. (Id. at 6-7)

Plaintiffs' breach of bailment claim was likewise dismissed, because the facts pled in the Amended Complaint do not show a bailment. (Id. at 7)

This Court did not substantively address Plaintiffs' negligence claim, and indicated at the end of the February 15, 2024 order that Guardit's negligence claim against Empire would proceed. (Id. at 8)

## MOTION FOR RECONSIDERATION

In a February 29, 2024 motion, Empire seeks reconsideration of this Court's order denying its motion to dismiss Guardit's negligence claim. (Def. Br. (Dkt. No. 51) at 4; see also Def. Mot. (Dkt. No. 49)) Guardit opposes the request for reconsideration. (Pltf. Opp. (Dkt. No. 54))

## DISCUSSION

"'Motions for reconsideration are governed principally by Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3, which are meant to ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.'" Walsh v. Townsquare Media, Inc., 565 F. Supp. 3d 400, 402 (S.D.N.Y. 2021) (quoting In re Gen. Motors LLC Ignition Switch Litig., No. 14-MD-2543 (JMF), 2021 WL 1700318, at *1 (S.D.N.Y. Apr. 29, 2021)). "Reconsideration of a previous order by the court is an 'extraordinary remedy to be employed sparingly in the interests of

3

finality and conservation of scarce judicial resources.'" In re Beacon Assocs. Litig., 818 F. Supp. 2d 697, 701 (S.D.N.Y. 2011) (quoting In re Health Mgmt. Sys. Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 256-57 (2d Cir. 1995). "The decision to grant or deny a motion for reconsideration is 'committed to the sound discretion of the district court.'" Sigmon v. Goldman Sachs Mortg. Co., 229 F. Supp. 3d 254, 257 (S.D.N.Y. 2017) (quoting Wilder v. News Corp., 11 Civ. 4947 (PGG), 2016 WL 5231819, at *3 (S.D.N.Y. Sept. 21, 2016)).

Here, this Court erred in failing to substantively address Plaintiffs' negligence claim. Accordingly, the motion for reconsideration is granted, and this Court will address that claim now.

Under New York law, the elements of a negligence claim are (1) a duty of care that plaintiff owed to defendant; (2) breach of that duty; and (3) injury caused by the breach of that duty. See Lombard v. Booz-Allen & Hamilton, Inc., 280 F.3d 209, 215 (2d Cir. 2002) (citing Merino v. New York City Transit Auth., 218 A.D.2d 451 (1st Dept. 1996)).

As stated in the R&R, "a negligence claim may co-exist with a contractual claim only where (i) 'it stems from a duty separate from a defendant's contractual duty to perform,' (ii) 'it is collateral and extraneous to the contract provision breached,' or (iii) 'it would yield special damages not recoverable under contract.'" (R&R (Dkt. No. 40) at 21 (quoting B & M Linen, Corp. v. Kannegiesser, USA, Corp., 679 F. Supp. 2d 474, 487 (S.D.N.Y. 2010)); see also In re September 11 Litig., 640 F. Supp. 2d 323, 339 (S.D.N.Y. 2009) ("A plaintiff may not 'transform

4

a simple breach of contract into a tort claim' by using the language of tort law.") (quoting 431 Conklin Corp. v. Rice, 181 A.D. 2d 716 (2d Dept. 1992)).

Judge Aaron recommends that Plaintiffs' negligence claim be dismissed, given that "Plaintiffs plead no duty owed by Empire to Guardit independent of the [January 1, 2015] Agreement." (R&R (Dkt. No. 40) at 21-22)

The Amended Complaint's contract and negligence claims "plead the same acts" arising from the same obligations under the January 1, 2015 agreement between Guardit and Empire, "and seek essentially the same relief." In re September 11 Litig., 640 F. Supp. 2d at 339. The breach of contract claim is premised on the allegation that Guardit has "not received the full amount of [its] share of the monetary recoveries as required by the terms of the Agreement." (Am. Cmplt. (Dkt. No. 21) ¶¶ 102, 144-54) The negligence claim alleges that "Defendants . . . breached their respective duties to Plaintiffs . . . by failing to supervise its employees, agents and/or outside consultants in performing its obligations and in connection with Plaintiffs' interests," and "by failing to exercise reasonable care in enforcement of the . . . patents." (Id. ¶¶ 141-42) The obligations that Defendants allegedly failed to perform, and the reasonable care that they failed to exercise, however, relate to the same failure to ensure that Guardit received the "monetary recoveries" it was entitled to pursuant to the Guardit-Empire agreement. (Id. at 24) Accordingly, the negligence claim is duplicative of the breach of contract claim, and "is not sufficient to support a claim . . . under New York law." Bridgestone/Firestone, Inc. v. Recovery Credit Servs., Inc., 98 F.3d 13, 19-20 (2d Cir. 1996).

Accordingly, this Court will adopt Judge Aaron's recommendation that the negligence claim be dismissed for failure to state a claim.

## **CONCLUSION**

Defendant Empire's motion for reconsideration (Dkt. No. 49) is granted, Judge Aaron's recommendation concerning Plaintiffs' negligence claim is adopted, and that claim is dismissed under Rule 12(b)(6). The Clerk of Court is directed to terminate the motion (Dkt. No. 49).

Dated: New York, New York
       March 15, 2024

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge