UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GUARDIT TECHNOLOGIES, LLC, et al.,

                Plaintiffs,

-against-

EMPIRE IP LLC,

                Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/29/2024

20-CV-00943 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

      As discussed during the Initial Pretrial Conference on April 1, 2024, Plaintiffs seek leave to file a Second Amended Complaint. For the reasons stated herein, Plaintiffs' motion is denied.

**PROCEDURAL HISTORY**

      On February 4, 2020, Plaintiffs filed a complaint against Defendants Empire IP LLC ("Empire IP"), Daniel Mitry, and Timothy Salmon. Dkt. No. 1. On August 19, 2020, Plaintiffs filed a First Amended Complaint against Defendants Empire IP LLC, Daniel Mitry, and Timothy Salmon. Dkt. No. 21. On September 29, 2021, Defendants Empire IP LLC, Daniel Mitry, and Timothy Salmon moved to dismiss the First Amended Complaint. Dkt. No. 28. On January 9, 2024, Judge Gardephe referred the motion to dismiss to Magistrate Judge Aaron for a Report and Recommendation. Dkt. No. 39. On January 27, 2024, Magistrate Judge Aaron issued a Report and Recommendation (the "Report and Recommendation") in which he recommended granting in part and denying in part the motion to dismiss, leaving only Count II of the First Amended Complaint, insofar as it asserts an unjust enrichment claim by against Empire IP, and Count VI of the First Amended Complaint, insofar as it asserts a breach of contract claim against Empire IP. *See* Dkt. No. 40. On February 15, 2024, Judge Gardephe adopted the Report and Recommendation in part, granting the motion to dismiss as to all of Plaintiffs' claims, except for Plaintiff Guardit Technologies, LLC's ("Guardit") breach of contract and negligence claims against Defendant Empire IP LLC. *See* Dkt. No. 41. On February 29, 2024, Empire IP moved for reconsideration of Judge Gardephe's February 15, 2024 order granting in part and denying in part the motion to dismiss. Dkt. No. 49. On March 15, 2024, Judge Gardephe granted Empire IP's motion for reconsideration and adopted Magistrate Judge Aaron's recommendation to dismiss Plaintiffs' negligence claim. *See* Dkt. No. 55.

      The case was reassigned to the undersigned on March 19, 2024. An Initial Pretrial Conference was held on April 1, 2024, during which Guardit expressed its intention to seek to file a second amended complaint; the Court directed the parties to confer as to whether Empire IP would consent to the proposed amendment. On May 13, 2024, Empire IP filed a letter indicating that it would not consent to the filing of Guardit's proposed second amended complaint. Dkt. No. 65 ("Def. Letter"). That same day, the Court directed Guardit to file a letter-response. Dkt. No. 66. On May 16, 2024, Guardit filed its letter-response, attaching as

exhibits the proposed second amended complaint and a redline of the proposed second amended complaint against the First Amended Complaint. Dkt. No. 69 ("Pl. Letter").

## DISCUSSION

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, when a party seeks to amend their pleading beyond the time period allowed for amendment as a matter of course, that party may only amend its pleading "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Where the opposing party does not consent to the filing of an amended pleading, the court "should freely give leave when justice so requires." *Id.* "[T]he grant or denial of an opportunity to amend is within the discretion of [a] [d]istrict [c]ourt." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

"[M]otions to amend should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, or undue prejudice to the non-moving party." *See Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008) (citing *Foman*, 371 U.S. at 182). A proposed amendment is futile as a matter of law where "the proposed amended complaint would fail to state a claim on which relief could be granted." *Perfect Pearl Co., Inc. v. Majestic Pearl & Stone, Inc.*, 889 F. Supp. 2d 453, 459 (S.D.N.Y. 2012) (citing *Dougherty v. North Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002)).

In its letter, Empire IP argues that the proposed second amended complaint repeats the same allegations that Judge Gardephe previously found insufficient to support a negligence claim, which was deemed duplicative of Guardit's breach of contract claim.[1] Def. Letter at 1. Guardit's revised negligence claim is Count II of the proposed second amended complaint, set forth in Paragraphs 97 through 115. *See* Pl. Letter Ex. 2 (the "Proposed Second Amended Complaint") ¶¶ 97–115. In sum, Guardit alleges that Empire IP (1) breached a duty of due care in hiring and supervising its employees, agents, servants, outside consultants, and/or other persons or entities acting on its behalf, *see id.* ¶¶ 97, 104–05, 109, 113; (2) breached a "freestanding professional responsibility" to exercise "reasonable care in performing their legal work and practice and their responsibilities and obligations, . . . in connection with the interests owed to [Guardit], *see id.* ¶¶ 106–08, 114–15; and (3) breached a duty of care to "exercise reasonable care in preserving the Guardit Patents, thereby allowing the Guardit Patents to be wasted and become valueless and interfering with Guardit's ability to enforce its Patents against infringers," *see id.* ¶¶ 110, 113.

All of the theories of negligence asserted by Guardit in the Proposed Second Amended Complaint sound in contract and are ultimately futile—failing for the same reasons set forth in the Report and Recommendation and in Judge Gardephe's March 15, 2024 order dismissing the negligence claim in the First Amended Complaint.

Despite some rephrasing of the same essential allegations, the Proposed Second Amended Complaint does not allege any harm or seek any remedy that is outside of Guardit's contractual relationship with Empire IP. While Guardit attempts to characterize the duties

---

[1] The Court construes Empire IP's arguments as to repetition as asserting the futility of Guardit's proposed second amended complaint.

allegedly owed by Empire IP as "freestanding" and/or "extra-contractual," Guardit does not allege any new facts that support any fiduciary relationship or duty separate and distinct from the relationship and duty governed by the written agreement between the parties with respect to Guardit's patents.  For example, any third parties allegedly hired and supervised by Empire IP with respect to Guardit's patents (which Guardit offers as evidence of an independent duty of due care in hiring and supervision) are agents within the ambit of the contract, whose actions would be imputed to Empire IP, against whom Guardit could and does seek damages in its breach of contract claim.  Tellingly, Guardit explicitly alleges that Empire IP has acted through its agents.  *See id.* ¶ 6.

Finally, in its letter, Guardit attempts to analogize the alleged extra-contractual professional duty owed by Empire IP to the duty at issue in *Hansen v. Amory*, No. 06-cv-02164 (PKC), 2008 WL 4090465 (S.D.N.Y. Aug. 27, 2008).  However, in *Hansen*, the gravamen of the alleged harm, and the actions undertaken that caused the alleged harm, arose outside of the four corners of the written agreement under which a public relations firm agreed to serve as "public relations counsel" to an art dealer.  Accordingly, the contract, and its associated legal claims for breach, could not fully redress the harm alleged.  *See* 2008 WL 4090465, at *1 (describing how, at the suggestion of the shareholder of the public relations firm, the plaintiff entered into an oral agreement with a third party to the written agreement regarding an informal showing of artwork, which gave rise to the loss of the artwork at issue).  Here, however, the maintenance of Guardit's patents, including the timely payment of maintenance fees and prosecution of potential patent infringement lawsuits, is expressly and wholly covered by the written agreement between the parties, and Guardit has redress for its alleged harms under the terms of the contract.  Under these circumstances, the law does not permit a party to bring claims under tort theories for the same harm.  *See, e.g., B&M Linen, Corp. v. Kannegiesser, USA, Corp.*, 679 F. Supp. 2d 474, 487 (S.D.N.Y. 2010); *In re September 11 Litig.*, 640 F. Supp. 2d 323, 339 (S.D.N.Y. 2009).

## CONCLUSION

Accordingly, it is hereby ORDERED that Plaintiffs' request for leave to file a second amended complaint is DENIED.  All other dates and deadlines set by the Civil Case Management Plan and Scheduling Order (Dkt. No. 64) remain in effect.

Dated: May 29, 2024
       New York, New York

SO ORDERED.

_____
MARGARET M. GARNETT
United States District Judge