UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GUARDIT TECHNOLOGIES, LLC, and MICHAEL
SCRIPT,

                    Plaintiffs,

                 -against-

EMPIRE IP LLC, DANIEL MITRY, and TIMOTHY
SALMON,

                    Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/26/2026

20-CV-00943 (MMG)

**OPINION & ORDER**

MARGARET M. GARNETT, United States District Judge:

The Court assumes familiarity with the facts and procedural history of this action. Plaintiffs are Guardit Technologies, LLC ("Guardit") and Michael Script. Defendants are Empire IP LLC, Daniel Mitry, and Timothy Salmon. Before the Court is Defendants' 12(b)(1) motion to dismiss, which argues that a lack of complete diversity strips the Court of subject matter jurisdiction. Dkt. No. 113. The dispute centers on whether Plaintiffs have adequately demonstrated the members of Guardit and their domiciles. The Court issued multiple orders requiring Plaintiffs to turn over documents necessary to confirm complete diversity in this lawsuit. *See* Dkt. Nos. 103 & 105. Not until Plaintiffs filed their opposition to the 12(b)(1) motion did they finally offer such evidence, consisting of eighteen (18) declarations. *See* Dkt. No. 116 and attachments.

### PLAINTIFFS' CONDUCT

Establishing diversity is simple in most cases. Unfortunately, this case is not one of them. The unprofessional and dilatory conduct shown by Plaintiffs and their lawyers has spurred confusion, prompted unnecessary motion practice, and hampered the efficient resolution of this

1

lawsuit.  Although federal jurisdiction in this case is founded on diversity and the citizenship of an LLC derives from the citizenship of its members, Plaintiffs' initial complaint failed to specify Guardit's members or their domiciles.  Dkt. No. 1.  The amended complaint included a declaration from Script identifying these members and their domiciles, signed and sworn to "under penalty of perjury."  Dkt. No. 21-2.  But, during Script's deposition, some five years into this protracted litigation, he cast doubt on the contents of his own declaration.  Script later provided a supplemental declaration identifying new members, changing the domiciles of existing members, and clarifying that previously identified members were, in fact, not members.  *See* Dkt. No. 114-4.  The Court then issued numerous orders requiring Plaintiffs to produce any and all documents necessary to confirm the membership of Guardit and their respective domiciles.  *See* Dkt. Nos. 103 & 105.  Incredibly, Plaintiffs did not do so until they filed an opposition to Defendants' 12(b)(1) motion.

Plaintiffs' conduct is unacceptable.  It has wasted Defendants' time and the Court's time.  This is a warning: the Court will impose swift sanctions on Plaintiffs and their counsel if this misconduct continues.  Filings must be timely.  Orders must be abided.  And all counsel's conduct should adhere to the highest standards of professionalism.

### DEFENDANTS' 12(B)(1) MOTION

Turning to the motion, Section 1332 vests the district courts with what is often-called diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332.  "Complete diversity" is required, meaning no plaintiff may be a citizen of the same state as any defendant.  *Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d

111, 117–18 (2d Cir. 2014).[1] In assessing whether complete diversity exists, a court looks to the citizenship of the parties when the action was commenced, here February 2020. *United Nat'l Ins. Co. v. Waterfront N.Y. Realty Corp.*, 907 F. Supp. 663, 666 (S.D.N.Y. 1995).

Rule 12(b)(1) permits a party to move to dismiss a complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). Such motions come in two flavors. *See Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56–57 (2d Cir. 2016). First, facial challenges, where a litigant asserts the pleadings do not establish subject-matter jurisdiction. Second, factual challenges, where a litigant challenges the jurisdictional facts establishing subject-matter jurisdiction and proffers evidence outside the pleadings. *Id.* at 57. Faced with this latter challenge, "the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014). The proponent of subject matter jurisdiction bears the burden of showing jurisdiction exists by a preponderance of the evidence. *Id.* "In opposition to such a motion, plaintiffs must 'come forward with evidence of their own to controvert that presented by the defendant,' or may instead 'rely on the allegations in their pleading if the evidence proffered by the defendant is immaterial because it does not contradict plausible allegations[.]'" *Katz v. Donna Karan Co., L.L.C.*, 872 F.3d 114, 119 (2d Cir. 2017) (quoting *Carter*, 822 F.3d at 57).

Defendants argue the Court should not consider the declarations included with Plaintiffs' opposition brief because Plaintiffs have "fabricated an entirely new record." Dkt. No. 118 ("Reply") at 1. Defendants further argue that permitting these documents to enter "the record now, after discovery has closed, would severely prejudice [Defendants] at this late stage of the

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes and omissions, and adopt alterations.

3

case." *Id.* at 1–2. The Court is sympathetic to Defendants' position, as Plaintiffs appear to have done everything possible to avoid inquiry into the members of Guardit. But their argument ignores that, faced with a 12(b)(1) motion disputing jurisdictional facts, a plaintiff may introduce new evidence establishing jurisdiction. *See Katz*, 872 F.3d at 119. A defendant may also move to dismiss under 12(b)(1) at any time, when it appears subject matter jurisdiction may be lacking. *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000). And, of course, a court has a continuing obligation to ensure that it has subject matter jurisdiction. Therefore, as a matter of course, it must be true that a plaintiff can introduce evidence responding to a 12(b)(1) motion regardless of the status of other events in a case.[2] Indeed, otherwise defendants could lie in wait and file such motions only after discovery had closed and secure an unwarranted dismissal without adjudication on the merits.

Defendants also argue the Court should disregard the eighteen (18) new declarations because Plaintiffs never identified the declarants in their Rule 26 disclosures "as individuals possessing discoverable information." Reply at 8. The Court will not do so. First, Rule 26 initial disclosures only require identifying persons who may have "discoverable information . . . that the disclosing party may use to support its claims or defenses." The Court is unaware of any authority requiring persons with awareness of only jurisdictional facts to be included in such disclosures.[3] Second, Defendants previously indicated they did not dispute complete diversity. Dkt. No. 23. And third, Defendants' previous 12(b)(1) motion disputed the amount in

---

[2] If Defendants feel that Plaintiffs' conduct has caused them some prejudice on the merits of the case, there may well be some other remedy available. But a disallowance of new jurisdictional evidence in response to a 12(b)(1) motion is not an available remedy.

[3] Indeed, such a principle would suggest parties should include their spouses or parents in Rule 26 initial disclosures, as persons having knowledge of the state where the party is domiciled. That is plainly not required.

controversy, only.  *See* Dkt. Nos. 31 & 49.  Given that the Rule itself does not require it, and Plaintiffs could not have anticipated at that time that Defendants would argue complete diversity did not exist, Plaintiffs had no reason to include the declarants in their Rule 26 disclosures. Accordingly, the Court will accept the new declarations for purposes of resolving this motion.

Considering the declarations and other documents in the record, as well as the parties' papers, the Court finds Plaintiffs have demonstrated complete diversity, largely for the reasons explained in Plaintiffs' opposition brief (Dkt. No. 115).  In short, Plaintiffs have provided just enough evidence to show by a preponderance that no Plaintiff had the same citizenship as any Defendant in February 2020.  While Defendants point to the holes in Plaintiffs' assertions and dispute the credibility of Script and the declarants, arguments cannot substitute for evidence. And Defendants have introduced no evidence controverting the Court's subject-matter jurisdiction.

Defendants' reply principally argues Plaintiffs' evidence does not demonstrate the citizenship of two Guardit members—Peter C. McDonnell and Jack Stollenmaier—which for individuals is established by their domicile.  The Court disagrees.

Plaintiffs could not obtain a sworn declaration from McDonnell, despite numerous attempts.  But they provided a 2020 Schedule K-1 form sent to McDonnell at an address in South Carolina, which was not returned.  Plaintiffs also submitted the results of a Westlaw records search for McDonnell's home address using his social security number.  The results show McDonnell resided in Myrtle Beach, South Carolina, when Plaintiffs commenced this lawsuit. Dkt. No. 117-1.  Defendants respond that Plaintiffs omitted multiple entries from the search and redacted several addresses.  Looking at the search results, the addresses appear chronologically based on the final year McDonnell resided at or was affiliated with a given address.  The most

recent redacted entry has an end date of "12/06/2016." It is reasonable to assume, therefore, the omitted entries all correspond to time periods before 2016. Because the only time relevant to the Court's analysis is February 2020, and the addresses between 2016 and long after February 2020 are all in South Carolina, the omissions are irrelevant.

Plaintiffs could not obtain a declaration from Jack Stollenmaier, either, because he is deceased. But Plaintiffs introduced a declaration from his son, Chris Carabello. *See* Dkt. No. 116-2 at 9. It states: "On February 4, 2020, my father's residence was in South Carolina, as indicated on the Guardit 2020 Schedule K-1." *Id.* Defendants highlight that Script's February 28, 2025 Declaration stated Stollenmaier's 2020 K-1 was sent to a PO address, so Carabello's declaration that Stollenmaier resided at the address on the K-1 is not credible. *See* Dkt. No. 114-4 ¶ 6. But Carabello's declaration simply affirms that Stollenmaier lived *in South Carolina* as indicated on 2020 Schedule K-1, not that Stollenmaier resided at the precise address identified on the K-1. Additionally, Defendants argue that—even if Stollenmaier maintained a residence in South Carolina—residence is not tantamount to domicile (and make a similar argument regarding McDonnell). True. But "a party's residence at the time the case is filed is prima facie evidence of his domicile." *Levy v. Suissa*, No. 16-CV-02532 (EK) (ARL), 2021 WL 2402240, at *5 (E.D.N.Y. Mar. 21, 2021) (quoting *Kavowras v. Pinkerton Inc.*, No. 97-CV-6098 (MBM), 1998 WL 209617, at *1 (S.D.N.Y. Apr. 29, 1998), *adopted by* 2021 WL 2401011. The declaration suffices to show Stollenmaier's domicile by a preponderance of the evidence.

Having considered the remaining arguments and the evidence in the record, including the absence of any contrary evidence on disputed issues, the Court finds Plaintiffs have shown complete diversity by a preponderance of the evidence and it will therefore DENY the motion.

**DEFENDANTS' MOTION FOR SANCTIONS**

In their reply, Defendants also ask the Court to sanction Plaintiffs for failing to comply with the Court's February 21, 2025 order requiring Plaintiffs to produce documents establishing complete diversity.  After careful consideration, the Court will not sanction Plaintiffs on this basis.  The Court has already noted above the unprofessional and dilatory manner with which Plaintiffs and their counsel have approached this issue, and certainly that history will be relevant to any evaluation of potentially sanctionable conduct in the future.  Nonetheless, sanctions are not warranted for failing to turn over documents that did not exist.  The declarations at issue were all executed in April 2025, in connection with the preparation of Plaintiffs' opposition to this motion.  *See, e.g.*, Dkt. No. 116-2, 116-3.

The Court will, however, order Plaintiffs to, on or before **April 10, 2026**, turn over the following documents in <u>unredacted</u> form to Defendants: (1) Guardit's operating agreement; and (2) the 2020 K-1s.  If the existing protective order does not suffice to protect any personally identifiable information in these documents, counsel may promptly seek an amendment, in sufficient time such that production can still be made by April 10.

**CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss for lack of subject matter jurisdiction is DENIED.

It is further ORDERED that:

(1) On or before **April 10, 2026**, Plaintiffs produce Guardit's operating agreement and the 2020 K-1s in *unredacted form*.  Sanctions will follow if Plaintiffs fail to (i) timely turn over these documents in (ii) unredacted form.

(2) By **April 15, 2026**, Defendants file a letter confirming receipt of the above documents. Defendants' letter may include any other outstanding discovery Plaintiffs have failed to provide.

(3) Finally, by **April 22, 2026**, the parties file a joint letter proposing next steps for this litigation. The letter should indicate whether the parties are prepared to proceed to expert discovery or, alternatively, whether either party believes the factual record is sufficient for summary judgment motion practice. If the parties wish to proceed to expert discovery, the joint letter must include a proposed timeline for the prompt completion of expert discovery.

Dated: March 26, 2026
New York, New York

SO ORDERED.

_____
MARGARET M. GARNETT
United States District Judge