# PATRICK DOERR

May 29, 2026

<u>VIA ECF</u>
The Honorable Margaret M. Garnett U.S.D.J., SDNY
Courtroom 906
United States Courthouse 40 Foley Square
New York, NY 10007

**RE: <u>Signed Operating Agreement of Guardit Technologies, LLC</u>**

Dear Judge Garnett:

We represent Plaintiff, Guardit Technologies, LLC in this matter (hereinafter referred to as "Plaintiff" or "Guardit"). Pursuant to the Court's Order dated April 30th, 2026, Plaintiff performed an exhaustive and diligent search, at great personal hardship, to attempt to find the signed Operating Agreement. As a result of said search, Plaintiff has located the signed Operating Agreement and transmitted it to Defendant, Empire IP's Counsel earlier today. The original context, circumstances, and accompanying documents with which the document was found presents an important issue for the Cout's consideration:

The signed Operating Agreement was found in a tranche of documents that was produced in response to a subpoena to Kristi Otto in connection with the case of *Script Security Solutions v. Logitech Inc. et al*, Case No. 2:16-cv-01400, Eastern District of Texas (one of the Guardit patent enforcement cases brought by Empire IP). The response to this subpoena was prepared by Antonelli, Harrington & Thompson, LLP ("AHT") (a law firm associated with Empire IP's practice). As Plaintiff has contended throughout, the document was easily accessible to Empire IP. A simple phone call or email inquiry to AHT could have provided Empire IP with the signed document for comparison to the unsigned document. Nevertheless, Defendant spent months harassing Plaintiff regarding an irrelevant document that was likely within its possession, custody, or control – contrary to specific representations made to the Court by Defendant.

Plaintiff has provided the document and complied with this Court's order.

Respectfully submitted,

*s/Joshua Gornitsky*
Joshua I. Gornitsky, Esq.
Joshua.gornitsky@patrickdoerr.com

Plaintiffs' May 7, 2026 letter motion (Dkt. No. 130) is DENIED AS MOOT.  As the history of this case makes clear (*see* Dkt. No. 120), Mr. Script's recollection of the contents or form of the signed operating agreement is not reliable.  And the signed operating agreement is relevant to myriad issues, including putting to bed the perennial concerns about the Court's subject-matter jurisdiction in this lawsuit. *See* Dkt. Nos. 120, 124.  While the Court is sympathetic to any burden faced by Plaintiffs, the burden they cite of locating a document that they are legally required to have accessible and produce on request is of no moment as a legal matter.  The Clerk of Court is respectfully directed to terminate Dkt. No. 130.
SO ORDERED.  Dated June 1, 2026.



HON. MARGARET M. GARNETT
UNITED STATES DISTRICT JUDGE

